UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

In re  
Karen Smith,  
    Debtor.

Chapter 13  
Case No. 11-31782-svk

---

Karen Smith,  
    Plaintiff,  
v.  

Adv. No. 15-2066

Capital One Bank (USA) N.A., et al.,  
    Defendants.

---

## DECISION AND ORDER GRANTING
## MOTION FOR SUMMARY JUDGMENT

---

The issue is whether Capital One Bank and its law firm violated the co-debtor stay of 11 U.S.C. § 1301 by suing the debtor's spouse for credit card debt incurred by the spouse. The parties have stipulated to the relevant facts. (Stipulation, ECF No. 11.)

Karen Smith (the "Debtor") filed a Chapter 13 petition on July 28, 2011. (*Id.*) Her spouse, Daniel Smith ("Daniel") did not join the petition. Prior to July 28, 2011, Daniel applied for and obtained a credit card account from Capital One Bank (USA) N.A. ("Capital One"). (*Id.*) For the purposes of this proceeding, the parties agreed that the charges on the Capital One account were made for consumer debts during the Smiths' marriage. (*Id.*) The Debtor listed Capital One in her bankruptcy schedules as an unsecured creditor, and, on July 31, 2014, the Clerk sent a notice of the Debtor's Chapter 13 petition to Capital One. (*Id.*) On July 21, 2014, Capital One through its attorneys, Kohn Law Firm, sued Daniel in Waukesha County Circuit Court. (*Id.*) That court entered a judgment on August 19, 2014, although the judgment has not

been docketed, and Capital One has not attempted to levy on any marital property of the Debtor and Daniel. (*Id*.)

The Debtor argues that Capital One's suit was stayed by the co-debtor stay of Bankruptcy Code § 1301. This section enjoins a creditor from taking legal action to "collect all or part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor." Capital One and the Kohn Law Firm argue that the Capital One obligation is not a debt "of the debtor." They cite two cases for this proposition, but both cases are distinguishable.

In *In re Thongta*, 401 B.R. 363 (Bankr. E.D. Wis. 2009), this Court determined that a non-filing spouse's liability arising out of a motor vehicle accident was not a debt of the debtor. However, the Court based its ruling on the nature of the debt, recognizing that:

> Under Wisconsin law, a tort claim against an individual spouse is an exception to the presumption that a debt is incurred in the "interest of marriage or family." *See* Wis. Stat. § 766.55(2)(cm); *Curda-Derickson v. Derickson*, 2003 WI App 167, 266 Wis. 2d 453, 668 N.W.2d 736 (tort obligation is excepted from "family purpose" presumption; exception protects innocent spouse from liability).

401 B.R. at 366. In *Thongta,* the co-debtor stay did not apply because neither the debtor nor the debtor's property was liable for the non-debtor spouse's tort claim.

In *In re Pfalzgraf*, 236 B.R. 390 (Bankr. E.D. Wis. 1999), the issue was not whether the child support obligation was a debt of the debtor, but rather whether the support was for a "child of the debtor" under Bankruptcy Code § 507(a)(7). Judge McGarity held that since the child was not a child of the debtor, the support claim was not entitled to priority under § 507. Additionally in *Pfalzgraf*, the debt was incurred prior to January 1, 1986, and under Wisconsin law, could only be satisfied from the incurring (non-filing) spouse's nonmarital property and marital property that would have been property of that spouse but for the enactment of the marital property law. Wis. Stat. § 766.55(2)(c)(2).

Here, the parties have stipulated that Daniel incurred a credit card obligation during the marriage prior to the Debtor's Chapter 13 filing. This garden variety consumer debt differs from the tort liability in *Thongta*, and the pre-enactment and pre-marital debt in *Pfalzgraf*.

Although the Bankruptcy Code definitions are somewhat circular, they supply the answer to the question of whether the debt to Capital One is a debt of the Debtor. Section 101(12) defines "debt" as liability on a claim. In turn, under Bankruptcy Code § 102(2), a "claim against the debtor" includes a claim against property of the debtor. Capital One has a claim against the Debtor's property even though Daniel, not the Debtor, incurred the debt, by virtue of Wis. Stat. § 766.55, which provides that marital property assets held by either the incurring or non-incurring spouse are available satisfaction of family purpose obligations. *See Courtyard Condo. Ass'n, Inc. v. Draper*, 2001 WI App 115, 244 Wis. 2d 153, 629 N.W.2d 38 (Wis. Stat. § 766.55 clarifies that creditors can reach marital property held by non-incurring spouses). Since Capital One has a claim against the Debtor's marital property, Capital One has a claim against the Debtor. Thus, the obligation to Capital One is a debt of the Debtor within the provisions of the co-debtor stay.

Whether Capital One had sufficient notice of the co-debtor stay is not before the Court, nor is the issue of damages. *See In re Rick*, No. 12-31026, 2014 Bankr. LEXIS 4999 (Bankr. E.D. Wis. Dec. 11, 2014) (finding no violation of the co-debtor stay when co-debtor failed to prove by clear and convincing evidence that defendants had knowledge of the existence of the co-debtor stay and violated it with that knowledge). Arguably, any portion of the debt not proposed to be paid by the Debtor's confirmed plan is not included in the co-debtor stay's protections. *Id.* at \*6 (citing *In re Cain*, 347 B.R. 428, 431-32 (Bankr. N.D. Fla. 2006)).

The Debtor's motion for summary judgment seeks the narrow ruling that the Capital One debt is a debt of the Debtor subject to the co-debtor stay. Limited solely to that determination, the Court grants the Debtor's motion.

IT IS SO ORDERED.

Dated: June 29, 2015

By the Court:

/s/ Susan Kelley

Susan V. Kelley

Chief U.S. Bankruptcy Judge